UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:11-cr-66 |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | |
| FRANK E. DOZIER, | : | |
| Defendant. | : | |

**ORDER AND NOTICE OF CHANGE OF PLEA HEARING**

This case came before the Court for a final pretrial conference on July 7, 2011 at 11:30 a.m. by telephone. Attorneys Arthur Mullins and Sheila Lafferty participated. Defendant notified the Court that the parties have reached a plea agreement and Defendant further requested that a change of plea hearing be set. Accordingly, the trial date previously set for July 11, 2011 is hereby **VACATED** and a change of plea hearing is set for July 14, 2011 at 1:00 p.m. in Dayton Courtroom 4.

"A notice of change of plea is a motion requiring a hearing, and as a result, the time from the filing of the notice of hearing through the conclusion of the plea hearing is excludable" from speedy trial calculation. *United States v. Moss*, 211 F.3d 1271 (6th Cir. 2000) (citing *United States v. Jenkins*, 92 F.3d 430, 440 (6th Cir. 1996) (stating that "defendant's notice of intent to change plea tolls clock")); *see also United States v. Mentz*, 840 F.2d 315, 330-32 (6th Cir. 1988); *Coviello v. United States*, 287 Fed. Appx. 503, 507 (6th Cir. 2008); *United States v. Beals*, 755 F.Supp.2d 757, 763 (S.D. Miss. Nov. 8, 2010) (stating that "[a] change of plea is treated like a motion for Speedy Trial Act purposes, and since a hearing is required for the court to take a change of plea, the speedy trial clock is tolled from the date the court is notified of the change of plea at least until the date of the

hearing"). Accordingly, the time between July 8, 2011 and July 14, 2011 is excluded from the time period set forth in 18 U.S.C. § 3161 within which the United States must bring Defendant to trial.

Counsel for the parties have agreed to hold the change of plea hearing on July 14, 2011, and the Court further finds, pursuant to 18 U.S.C. § 3161(h)(7)(A), after considering the factors set forth in 18 U.S.C. § 3161(h)(7)(B), that the ends of justice are served by continuing this case until the change of plea hearing, and that such continuance outweighs the best interest of the public and the Defendant in a speedy trial.  The Court makes this ends of justice finding because the parties have represented a mutual agreement to resolve the case and a plea hearing on July 14, 2011 provides the parties sufficient time to submit the final, written proposed agreement to the Court and for the Court to adequately review its contents before the hearing.  Failure to grant such continuance until July 14, 2011 would result in a miscarriage of justice.

Again, for all of the foregoing reasons, the time between July 8, 2011 and July 14, 2011 shall be excluded in computing the time period set forth in 18 U.S.C. § 3161 within which the United States must bring Defendant to trial.

**IT IS SO ORDERED.**

Date:  July 8, 2011                                     s/ Timothy S. Black
                                                                                        Timothy S. Black
                                                                                        United States District Judge